■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. RICHARD HENRY WELCH, Appellant, v. WALTER M. WALLACK, as Warden of Wallkill State Prison, Respondent. — *Per Curiam.* Appeal from a judgment of the Supreme Court at Special Term which dismissed, after a hearing, relator's application for a writ of habeas corpus. As to such of the grounds of the application as concerned the supposed use before the Grand Jury of a confession alleged to have been obtained after denial of relator's right to counsel, the court found a failure of proof; and appellant does not press that point here. The sole issue upon appeal, then, arises upon relator's contention that on July 21, 1955, when he was before the court on an indictment charging murder in the first degree, his plea of guilty of murder in the second degree should have been refused because he thus "pleaded guilty to a crime which the District Attorney and my assigned counsel agree that I did not commit"; this contention being predicated on the District Attorney's statement, in recommending the acceptance of the plea of guilty of murder, second degree, that his investigation showed that the crime was committed in the heat of passion, following a quarrel, and that, in his opinion, "there was no premeditation and deliberation within the meaning of section 1044 of the Penal Law rather the act was an impulsive one in the heat of passion." The petition, in respect of this ground, was dismissed, Special Term stating as its reasons therefor (1) that the sentencing court had jurisdiction and habeas corpus was therefore not the proper remedy and (2) that (as indeed the petition itself specifically alleged) the very same grounds for relief were the basis of petitioner's application in the nature of a writ of error *coram nobis* to vacate the conviction, then pending on appeal in this court. That appeal was decided on December 23, 1964 when we affirmed, without opinion, the order of the County Court denying the *coram nobis* application. (*People* v. *Welch*, 22 A D 2d 1018.) Under all the circumstances, we have preferred on the appeal now before us to reach the merits and have concluded that the judgment appealed from must be affirmed. Murder in the first degree is, in one form, the killing of a human being when committed "From a deliberate and premeditated design to effect the death". (Penal Law, § 1044, subd. 1.) Manslaughter in the first degree includes homicide "when committed without a design to effect death: * * * 2. In the heat of passion, but in a cruel and unusual manner, or by means of a dangerous weapon." (Penal Law, § 1050.) The "killing of a human being is murder in the second degree, when committed with a design to effect the death of the person killed, or of another, but without deliberation and premeditation." (Penal Law, § 1046.) It is abundantly clear, first, that, in context, the District Attorney's reference to defendant's "act * * * in the heat of passion" was intended as in contrast with, and to negate the elements of "premeditation and deliberation" to which he had just referred, and, second, that it was so understood by the Trial Judge, by the eminent lawyer and former District Attorney then representing the defendant, and indeed, by the defendant, who was a member of the New York State Police at the time of the commission of the crime. In conceding that the act was committed without premeditation and deliberation but in the heat of passion, the District Attorney did not further state or concede that it was

not "committed with a design to effect the death" (Penal Law, § 1046, murder in the second degree); and there is, of course, no contention or suggestion that such "design" cannot coexist with "heat of passion". If "heat of passion" necessarily implied "without a design to effect death", there would have been no reason for employing both phrases in the statutory definition of manslaughter in the first degree hereinbefore quoted. Appellant's reliance upon *People* v. *Serrano* (15 N Y 2d 304) is not well placed. There, the sentencing Judge's questions elicited obvious inconsistencies with the plea and "defendant's story [did] not square with the crime to which he [pleaded]" (p. 310) and the Court of Appeals said (p. 310) that "under all the circumstances, and especially in view of the defendant's obvious difficulty with the English language and his unfamiliarity with court procedures, justice requires that the conviction be vacated and the defendant permitted to plead anew to the indictment." In the case before us, highly experienced counsel said that he had advised the defendant of the effect of his plea to the reduced charge of murder, second degree; the defendant, a police officer or former police officer, agreed that he understood it and, when asked how he pleaded, said, "I plead guilty to the reduced charge of Murder Second Degree." (And, see, *People* v. *Foster* 19 N Y 2d 150.) Judgment affirmed, without costs. Gibson, P. J., Herlihy, Reynolds, Staley, Jr., and Gabrielli, JJ., concur in memorandum *Per Curiam*.